**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**

Michael Petelis

    v.                                     Case No. 20-cv-879-SE

Warden, New Hampshire
State Prison for Men

**REPORT AND RECOMMENDATION**

Petitioner Michael Petelis, a prisoner at the New Hampshire State Prison, has filed a petition pursuant to 28 U.S.C. § 2254 (Doc. Nos. 1, 5, 9).[1] He is proceeding pro se and in forma pauperis. In his petition, Mr. Petelis challenges his February 27, 2013 guilty plea to, and conviction for, second-degree murder, and the sentence imposed for that charge. The matter is here for preliminary review to determine whether Mr. Petelis has asserted facially valid claims to allow this matter to proceed.[2]

---

[1] Mr. Petelis first filed a petition (Doc. No. 1), seeking relief from his state conviction under 28 U.S.C. § 2255, a statute that provides federal prisoners with an opportunity to challenge their convictions and sentences. Mr. Petelis then filed an addendum (Doc. No. 5) to his petition. Because Mr. Petelis appeared to be challenging his state court conviction and sentence, the Court sent him a blank 28 U.S.C. § 2254 petition form, as § 2254 is the statute allowing a prisoner to challenge a state court conviction in federal court. See Mar. 23, 2021 Order (Doc. No. 8). Mr. Petelis completed and filed the form provided to him (Doc. No. 9). Mr. Petelis's filings (Doc. Nos. 1, 5, 9) are considered together as his § 2254 petition for all purposes.

[2] In an Order issued simultaneously with this Report and Recommendation ("R&R"), the Court directs Mr. Petelis to file an amended § 2254 petition or petition addendum, showing cause why his petition should not be denied as untimely. In this R&R, the

See Rule 4 of the Rules Governing Section 2254 Cases ("§ 2254 Rules"); LR 4.3(d)(4).[3]

## Discussion

I. Conditions of Confinement Claims

In his petition, in addition to challenging his conviction and sentence, Mr. Petelis challenges the conditions of his confinement, stating that he has been at the NHSP's Secure Psychiatric Unit "for a long time," indicating that he is not receiving "real help" in that facility, and citing other physical and mental health concerns.  He also states that he has experienced problems with sending and/or receiving mail since he has been in prison, and that those problems may have prevented him from litigating certain matters in court.  Mr. Petelis seeks money damages related to those issues.

Where a state prisoner challenges the legality or length of his imprisonment, he must assert those issues in a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.  See Hill v. McDonough, 547 U.S. 573, 579 (2006).  However, where a prisoner challenges the circumstances of his confinement, which

---

Court addresses Mr. Petelis's claims, asserted in his petitions, seeking money damages.

[3] The standard applied in conducting this preliminary review is set forth in the Order issued simultaneously with this R&R.

2

are unrelated to the substance of his habeas petition, those claims, if brought in federal court, must be asserted in a civil action under 42 U.S.C. § 1983. The Court generally "does not have jurisdiction to consider such claims as part of a habeas petition." Kyricopoulos v. Murphy, No. 16-cv-12431-IT, 2017 U.S. Dist. LEXIS 46643 at *4, 2017 WL 1190376, at *2 (D. Mass. Mar. 29, 2017). The district judge, therefore, should dismiss Mr. Petelis's claims regarding the adequacy of his mental health treatment, his physical and mental health, and interference with his mail, as such claims are not properly litigated in this habeas action. The claims should be dismissed without prejudice to Mr. Petelis's ability to assert them in a civil lawsuit brought in state or federal court.

II.  Compensation for Wrongful Imprisonment

Mr. Petelis seeks money damages to compensate him for being "locked up for 10 years for something I didn't do," and "being in prison for no reason." Apr. 4, 2021 Am. Pet. (Doc. No. 9, at 5). Among other reasons for seeking this relief, Mr. Petelis seeks compensation because, he states, he did not commit the second-degree murder for which he is presently incarcerated, and that the police in his criminal case misrepresented certain evidence which made it falsely appear that he had confessed to a crime he didn't commit.

Mr. Petelis's claims seeking damages for wrongful imprisonment, are not appropriately addressed in this habeas action to the extent he seeks monetary compensation for his time in prison, as opposed to release from incarceration. See Wallace v. Kato, 549 U.S. 384, 392 (2007) (civil suits are not appropriate way to challenge the validity of an outstanding criminal judgment) (citing Heck v. Humphrey, 512 U.S. 477, 486 (1994)). The Court further notes that even if Mr. Petelis's claims for money damages to compensate him for the time he spent in prison had been brought in a civil lawsuit under § 1983 in this court, such claims are only actionable where the conviction and/or sentence in question has already been reversed or found to be unconstitutional.

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

Heck, 512 U.S. at 486-87. In other words, unless and until Mr. Petelis's conviction and sentence are invalidated, he may not seek damages for claims challenging the legality of his conviction or sentence.

## Conclusion

For the foregoing reasons, the District Judge should dismiss all of the claims for damages asserted in Mr. Petelis's 28 U.S.C. § 2254 petition for a writ of habeas corpus (Doc. Nos. 1, 5, 9), without prejudice to his ability to pursue such claims, as appropriate, in state or federal court. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion.

Failure to file any objection within the specified time waives the right to appeal the district court's Order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016). Only those issues raised in the objection(s) to this Report and Recommendation "'are subject to review in the district court.'" Id. Additionally, any issues "'not preserved by such objection are precluded on appeal.'" Id. (citations omitted).

_____
Andrea K. Johnstone
United States Magistrate Judge

July 18, 2022

cc: Michael Petelis, pro se